■ RESORT BUS LINES, INC., Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—In an action *inter alia* to recover sums paid for the privilege of operating a ground transportation service at airports supervised by defendant, defendant appeals from an order of the Supreme Court, Westchester County, entered June 24, 1975, which (1) denied its cross motion to vacate or modify plaintiff's two notices to take depositions of three named employees of defendant and for the production of certain books and records and (2) granted plaintiff's motion to vacate defendant's demand for a bill of particulars, without prejudice to the service of a new demand after completion of the examination before trial. Order modified by (1) deleting therefrom the provision that the cross motion is denied and substituting therefor a provision that the motion is granted to the extent that the defendant is to be examined by such person or persons having knowledge of the facts as defendant shall, in the first instance, select, with leave to plaintiff, however, upon a showing that the person or persons produced have inadequate knowledge, and that further examination is necessary, to move for the examination of any specific person or persons having adequate knowledge, and (2) adding to the provision that defendant is to produce the books and records requested, a provision excluding there-

from all correspondence between the plaintiff and the defendant. As so modified, order affirmed, without costs or disbursements. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. The corporate defendant has the right to select, in the first instance, the person by whom it will be examined (see *Besen v C. P. Y. Yacht Sales,* 34 AD2d 789). The correspondence requested need not be produced because plaintiff presumptively maintains its own record of correspondence. The other books and records should be produced because they are directly relevant to the potential examination of witnesses at the examination before trial. Special Term properly vacated the demand for a bill of particulars in its entirety as it was burdensome and was pervaded by requests for evidentiary and work-product materials. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.